# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOHAMMED YASIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-1550-1

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mohammed Yasin was convicted of possessing a quantity of marijuana with intent to distribute. On appeal, he argues that the district court erroneously denied his motion to suppress evidence because the stop of his vehicle at the Ysleta Border Patrol checkpoint violated the Fourth Amendment. He contends that the Fourth Amendment violation occurred because the primary purpose of the checkpoint changed from the enforcement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of immigration laws to drug interdiction and because Border Patrol agents did not have individualized suspicion of wrongdoing.

"When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). Ordinarily, a search or seizure is unreasonable "in the absence of individualized suspicion of wrongdoing." *City of Indianapolis v. Edmond*, 531 U.S. 32, 37 (2000). At a fixed checkpoint, however, which has as its primary purpose identifying illegal immigrants, vehicles may be briefly detained in furtherance of that purpose, and the occupants questioned, without either a warrant or any individualized reasonable suspicion. *United States v. Jaime*, 473 F.3d 178, 181 (5th Cir. 2006). Border Patrol agents may conduct a canine sniff to search for drugs or concealed aliens at immigration checkpoints so long as the sniff does not lengthen the stop beyond the time necessary to verify the immigration status of a vehicle's passengers. *United States v. Ventura*, 447 F.3d 375, 378 (5th Cir. 2006).

Yasin fails to show that the district court erred in denying his motion to suppress evidence discovered after the stop. *See Robinson*, 741 F.3d at 594. The record establishes that the primary purpose of the checkpoint was the enforcement of immigration laws. *See Jaime*, 473 F.3d at 181. The record also reflects that Yasin was questioned at the same time that the canine sniff of the vehicle was being conducted and, as a result, the canine sniff did not prolong the immigration stop. *See Ventura*, 447 F.3d at 378. The judgment is therefore AFFIRMED.